**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GORDON JASON et al., on behalf of themselves and all others similarly situated, | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | No. 25 C 14507 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and Unnamed Affiliates & Associates 1-100, | ) | Chief Judge Virginia M. Kendall |
| *Defendants*. | ) | |

**<u>OPINION & ORDER</u>**

Plaintiffs are insureds from nine states who purchased PHL Variable Life Insurance Company ("PHL") insurance policies from Defendant State Farm Automobile Insurance Company ("State Farm") and its subsidiaries between 2001 and 2009. (Dkt. 24). In a putative class action Amended Complaint ("Complaint"), they assert seven claims against State Farm. (*Id.*). State Farm moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to stay the case. (Dkt. 28 at 14). For the reasons stated below, the Court denies State Farm's Motion [28].

**<u>DISCUSSION</u>**

Plaintiffs allege that State Farm, through its agents, breached its fiduciary duty and duty of care and engaged in consumer fraud by misrepresenting and omitting information about Plaintiffs' PHL life insurance policies while continuing to profit from their premium payments. (Dkt. 24). Plaintiffs assert, on behalf of themselves and the nationwide class, breach of fiduciary duty (Count I); professional negligence (Count II); unjust enrichment (Count VI); and breach of the covenant

of good faith and fair dealing (Count VII) [1]. (*Id.* at ¶¶ 314-38, 388-406). The individual Plaintiffs from Illinois, California, and New Jersey also assert violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, California's Unfair Competition Law, New Jersey's Consumer Fraud Act, respectively, on behalf of themselves and the proposed Illinois, California, and New Jersey Subclasses. (*Id.* at ¶¶ 339-87). After noting that the parties did not adequately address choice-of-law issues regarding Plaintiffs' state-law claims (Counts I, II, VI, and VII), the Court ordered additional briefing on the issue. (Dkt. 41). Having considered the parties' arguments and the laws of the relevant states, the Court concludes that significant choice-of-law issues preclude the Court from resolving Defendant's Motion at this stage.

Federal Rule of Civil Procedure 23(c)(1)(A) requires a court to determine, "at an early practicable time after a person sues or is sued as a class representative," whether to certify the action as a class action. Although Rule 23 generally contemplates an early determination, district courts have "wide discretion to manage their proceedings." *Ewing v. 1645 W. Farragut LLC*, 90 F.4th 876, 889 (7th Cir. 2024). That discretion includes determining when and how to address class certification. *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007) (recognizing that district courts have "latitude" under Rule 23(c)(1) to determine when to address class certification).

The Seventh Circuit instructs that "[i]n most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits." *Chavez v. Illinois State Police*, 251 F.3d 612, 629-30 (7th Cir. 2001) (citing Fed. R. Civ. P. 23(c)); *see also McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 (7th Cir. 2012) (holding that, pursuant to Rule 23(c), district courts "must address class certification 'early' in the litigation and generally before addressing a motion

[1] In response to State Farm's Motion, Plaintiffs withdrew their claim of breach of the implied covenant of good faith and fair dealing. (Dkt. 42 at 1). Accordingly, Count VII is dismissed.

directed at the merits"); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997) ("Generally, a district judge should seriously consider certifying a class or deny certification *prior* to any ruling on the merits. . . .") (emphasis in original). Addressing class certification before the merits clarifies who will be bound by the eventual judgment, which in turn makes it easier for the Court and the parties to make decisions about how the case should proceed. *See Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007).

Here, judicial economy favors addressing class certification before reaching the merits of the claims. The fourteen named plaintiffs are from nine different states and are bringing state law claims on behalf of themselves and a purported nationwide class, so the Court will have to determine which state's substantive law governs in order to rule on the merits of State Farm's Motion. A federal court exercising its diversity jurisdiction generally must apply the choice-of-law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *NewSpin Sports, LLC v. Arrow Elecs.*, Inc., 910 F.3d 293, 300 (7th Cir. 2018). Illinois's choice-of-law rules provide that law of the forum applies "unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021).

The parties contend that there is no need for the Court to engage in a choice-of-law analysis to rule on State Farm's Motion because there are no outcome-determinative differences in the relevant state common laws. (Dkt. 42 at 2-7); (Dkt. 43 at 1-2). Yet, with respect to the fiduciary-duty and professional negligence claims, that contention is difficult to accept given the parties' apparent misapprehension of the laws they invoke. Throughout their briefing, the parties conflate the distinct roles of insurer, insurance agent, and insurance broker and cite legal rules applicable to those roles interchangeably. (Dkt. 28 at 5-9); (Dkt. 33 at 3-8); (Dkt. 34 at 2-3, 8-9); (Dkt. 42 at

2-7); (Dkt. 43 at 1-2). Even a cursory review of the relevant states' laws reveals material differences across jurisdictions.

While Illinois law recognizes that insurance brokers (not agents or insurers) owe fiduciary duties to insureds, the Insurance Placement Liability Act bars liability for a breach of fiduciary claim brought against an insurance broker unless it involves the wrongful retention or misappropriation of funds. *See* 735 ILCS 5/2-2201(b); *Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 694 (7th Cir. 2008) (no fiduciary relationship exists between an insurer and insured); *Am. Fam. Mut. Ins. Co. v. Krop*, 120 N.E.3d 982, 990 (Ill. 2018) (insurance agents generally owe no fiduciary duty to insureds, but insurance brokers do); *Skaperdas v. Country Casualty Ins. Co*., 28 N.E.3d 747, 752-54 (Ill. 2015) (the term "insurance producer" encompasses insurance brokers and agents such that Section 2-2201's limits on liability for fiduciary-duty claims apply to both); *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 815 (7th Cir. 2019) (explaining that § 2-2201(b) "relieves an insurance broker of a fiduciary duty").

None of the other eight states limits liability for breach of fiduciary claims in this way. Seven states recognize breach of fiduciary duty claims in the insurance context, albeit with their own caveats and nuances.[2] New Jersey law acknowledges that insurance brokers and agents have

[2] Under California law, insurance companies do not owe fiduciary duties to insureds; while an insurance broker may have a fiduciary duty to an insured in the procurement of a policy, whether such a relationship exists is fact-specific. *Vu v. Prudential Property & Casualty Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001); *Starr Indem. & Liab. Co. v. JT2*, Inc., 2018 WL 1142207, at *4 (E.D. Cal. Mar. 2, 2018). Under Missouri law, insurers and insurance brokers acting as an agent of an insured may have fiduciary duties to an insured in certain circumstances, but insurance agents do not. *Emerson Elec. Co. v. Marsh & McLennan Companies*, 362 S.W.3d 7, 9 (Mo. 2012); *Dairy Farmers of Am., Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 572-73 (8th Cir. 2002). Under North Carolina law, "[a]n insurance agent has a limited fiduciary duty to the insured, to wit, the agent must correctly name the insured in the policy and correctly advise the insured of the nature and extent of his coverage under the policy." *Cobb v. Pennsylvania Life Ins. Co.*, 215 N.C. App. 268, 275 (2011). Under Virgina law, insurance brokers owe fiduciary duties to insureds, but insurance companies do not. *Cincinnati Ins. Co. v. Ruch*, 940 F. Supp. 2d 338, 347 (E.D. Va. 2013); *State Farm Mutual Ins. Co. v. Floyd*, 235 Va. 136, 143 (1988). Under Texas law, insurers, insurance agents, and insurance brokers owe no fiduciary duties to insureds unless there exists a special relationship of trust and confidence apart from the parties' business interaction. *Primerica Life Ins. Co. v. Pawlik*, 2021 WL 5234975, at *8 (W.D. Tex. July 13, 2021). Finally, under Tennessee law, only insurance brokers owe a fiduciary duty to an insured. *Advantage Ins. Servs., Inc. v. Roule*, 2025 WL 479392, at

fiduciary duties to insureds but does not recognize standalone breach of fiduciary duty claims because any fiduciary duty owed by the agent or broker is subsumed within a negligence or professional-malpractice claim. *Minnesota Life Ins. Co. v. Cooke*, 2021 WL 5122070, at *7 (D.N.J. Nov. 4, 2021); *Triarsi v. BSC Group Services, LLC*, 422 N.J. Super. 104, 115 (App. Div. 2011).

Illinois law also conflicts with the other states with respect to negligence claims in the insurance context. In Illinois, insurance agents and producers must exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured. *See* 735 ILCS 5/2-2201(a); *Skaperdas*, 28 N.E.3d at 754. The parties' briefing shows the different ways the other states view duties of care in the insurance context. (Dkt. 28 at 5-8); (Dkt. 33 at 1-2, 7-8); (Dkt. 42 at 2-7). While the parties may prefer if the Court overlooked these distinctions to apply Illinois law across the board, nuances in the law of negligence must be considered in a choice-of-law analysis. *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 584 (N.D. Ill. 2008), *aff'd*, 612 F.3d 932 (7th Cir. 2010) (citing *In re Rhone-Poulenc Rorer, Inc.,* 51 F.3d 1293, 1300 (7th Cir. 1995)).

Finally, Plaintiffs cite to a law review article for their position that unjust enrichment is a "universally recognized cause of action" that is "materially same" throughout the country. (Dkt. 42 at 9). Yet, there are variances in state commons laws of unjust enrichment. *In re MultiPlan Health Ins. Provider Litig.*, 789 F. Supp. 3d 614, 647 (N.D. Ill. 2025) (citing *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 501 (S.D. Ill. 1999) (collecting cases). "[U]njust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone among the fifty states." *In re Sears, Roebuck & Co.,* 2006 WL 3754823 at *1 n. 3 (N.D. Ill. 2006). For

*1 (M.D. Tenn. Feb. 12, 2025); *Morrison v. Allen*, 2009 WL 230220, at *7 (Tenn. Ct. App. Jan. 30, 2009), *aff'd in part*, *rev'd in part*, 338 S.W.3d 417 (Tenn. 2011).

these reasons, the Court also finds there are material conflicts between the unjust enrichment law of Illinois and the other states.

While both parties may want the Court to apply their interpretations of Illinois law to all of their and the potential class members' claims, the Court cannot "simply assume that the forum state's law applies as a means of streamlining the resolution of class members' claims." *Dolmage v. Combined Ins. Co. of Am.*, 2017 WL 1754772, at *5 (N.D. Ill. May 3, 2017) (internal citation omitted). Given the conflicts between Illinois law and the laws of the other states, resolving State Farm's Motion would require the Court to undertake an involved, multi-state choice-of-law analysis. Since the Court will likely have to do the same analysis to certify any class, it is more appropriate to address class certification before reaching the merits.

As the Seventh Circuit has explained, "[n]o class action is proper unless all litigants are governed by the same legal rules." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018-20 (7th Cir. 2002). Since Plaintiffs seek to represent a nationwide class on their state law claims, the Court will necessarily need to consider the differences in the laws to determine whether Plaintiffs can maintain their proposed nationwide class. *See, e.g.*, *id.* at 1015; *In re Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, 2017 WL 1196990, at *32-43 (N.D. Ill. Mar. 31, 2017); *Dolmage v. Combined Ins. Co. of Am.*, 2017 WL 1754772, at *5 (N.D. Ill. May 3, 2017). Yet, as State Farm's own choice-of-law briefing recognizes, the choice-of-law analysis could produce different outcomes on the merits for different Plaintiffs. Resolving the 12(b)(6) Motion first could therefore require the Court to determine the laws governing the claims of the nine named Plaintiffs, potentially dismiss some claims, and then revisit those same state-law differences in determining whether and to what extent a nationwide class may be certified.

Further, resolving class certification first may substantially narrow the case if the Court narrows the nationwide class or declines to certify it. *See, e.g., In re Bridgestone/Firestone*, at 1019-21 (decertifying a class after holding that a single nationwide class is not manageable where claims must be adjudicated under the law of multiple jurisdictions); *In re Fluidmaster*, 2017 WL 1196990, at *43 (N.D. Ill. Mar. 31, 2017) (denying class certification because "the different legal issues arising out of the claims of class members from all 50 states will eclipse any common issues of law or fact"); *Brown v. Auto-Owners Ins. Co.*, 2022 WL 2442548, at *3 (N.D. Ill. June 1, 2022) ("Plaintiffs' claims must be adjudicated under five different state laws, which as a single class is not manageable."). As such, the claims and Plaintiffs remaining after certification may not be the same ones presently before the Court, which could streamline a subsequent merits decision. Additionally, should any proposed classes be narrowed or eliminated, the outcome of class certification may likewise affect the individual Plaintiffs' claims and the claims under the California, Illinois, and New Jersey consumer-fraud statutes.

Under these circumstances, judicial economy favors addressing class certification first and reaching the merits of the claims after, when "everyone knows who will, and who will not, be bound by the outcome." *Bertand*, 495 F.3d at 455 (holding that the district court "mishandled" class certification by ruling on the merits of the case without addressing certification). State Farm may have sought to conserve the costs of defending a class action by moving for dismissal before Plaintiffs sought certification. *See Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941 (7th Cir. 1995) (recognizing that, because class actions are expensive to defend, a defendant may seek to "knock one off at low cost" by obtaining a merits ruling before certification). Although resolving a dispositive motion before class certification is appropriate in some circumstances, it is not the most efficient course here. *Compare Williams v. State Farm Mut. Auto. Ins. Co.,* 2025 WL

2755318, at *3 (N.D. Ill. Sept. 29, 2025) (resolving motion for summary judgment before class certification where Illinois law applied to all of plaintiffs' state claims) and *Antonishin v. Keisler*, 627 F. Supp. 2d 872 (N.D. Ill. 2007) (same where claims were brought under federal law), *with Rohlfing v. Manor Care, Inc.*, 172 F.R.D. 330, 334–35 (N.D. Ill. 1997) (certifying class before ruling on motion to dismiss in class action asserting antitrust, fraud, and fiduciary-duty claims against an insurer).

Therefore, the Court defers its ruling on the merits of State Farm's Motion until class certification is addressed. Accordingly, State Farm's Motion to Dismiss is denied with leave to refile at a later stage. Since Plaintiffs have not yet moved for class certification, the parties should be prepared to advise the Court at the next status hearing as to how they wish to proceed with the case.

**<u>CONCLUSION</u>**

For the reasons set forth above, State Farm's Motion to Dismiss [28] denied without prejudice.

Date: August 31, 2026